ANSTEAD, Judge.
The appellant was charged with first degree murder and attempted first degree murder and convicted of second degree murder and aggravated assault. Both charges arose out of an incident involving two victims. The main issue of concern to us on appeal is whether the trial court erred in allowing the state to elicit from a witness a brief statement made by the defendant to a police officer upon viewing the deceased victim’s body to the effect that he, the defendant, just wanted to make certain that the victim was dead.
The state failed to specifically disclose to defendant’s counsel in discovery prior to trial the fact that the witness had overhead the defendant’s statement. During the course of the trial and prior to the time the testimony was elicited, the trial court conducted an inquiry concerning this violation of the criminal rules of procedure as required by the Florida Supreme Court. See Richardson v. State, 246 So.2d 771 (Fla. 1971). Among the factors considered by the trial court at that time was the fact that the defendant was aware that a police officer would be testifying about the same matter elicited from the witness. In fact the police officer had testified about the incident at a pretrial hearing and the officer also subsequently testified about the incident at trial.
While we may not have ruled the same way as the trial court, we do not believe the defendant has established reversible error in the trial court’s ruling. Although the witness was able to remember the exact words used by the defendant while the police officer was only able to recount the defendant’s insistence upon seeing the body and his “smile” upon doing so, the gist of the descriptions was the same. To that extent the evidence was cumulative.
In addition, the defendant was convicted not of first degree murder but of second. We note that the evidence to sustain this conviction was overwhelming, and included the defendant’s own detailed statement as to how he first wounded the victim and then, while the victim was lying helpless on the ground, shot the victim in the head at point-blank range. For whatever reasons, the jury chose to convict the defendant of second degree murder instead of first degree as charged. Under these circumstances, including those set out above, we believe any error in admitting the statement was harmless. We have considered the other issue raised by defendant and find no error.
Accordingly, the judgment and sentence of the trial court is hereby affirmed.
HERSEY and GLICKSTEIN, JJ., concur.